UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

THE AUTOMOBILE INSURANCE COMPANY OF
HARTFORD, CONNECTICUT
a/s/o Sherry Demrick,

       v.                         ORDER
                                   08-CV-623A

ELECTROLUX HOME PRODS., INC.,

                      Defendant.

═══════════════════════════════════════

This case was referred to Magistrate Judge Jeremiah J. McCarthy,
pursuant to 28 U.S.C. § 636(b)(1)(A).  On May 10, 2010, plaintiff filed a motion to
preclude testimony of defendant's expert.

On September 15, 2010, Magistrate Judge McCarthy filed a Decision and
Order, granting plaintiff's motion in part and denying in part.  On October 1, 2010,
defendant filed objections to the Decision and Order.  The plaintiff filed a reply on
October 7, 2010, and the Court heard oral argument on January 28, 2011.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any
pretrial matter under this [section] where it has been shown that the magistrate's
order is clearly erroneous or contrary to law."  The Court has reviewed
defendants' objections and Magistrate Judge McCarthy's Decision and Order.
Among other aspects of its review, the Court finds that the distinction between
general and specific causation that Magistrate Judge McCarthy made in his

Decision and Order is not necessarily limited to toxic-tort cases, as defendant suggests. Product-liability cases in different districts and circuits have at least referenced the distinction on prior occasions. *See, e.g.*, *McCoy v. Whirlpool Corp.*, 287 Fed. App'x 669 (10th Cir. July 22, 2008) (unpublished); *Jarvis v. Ford Motor Co.*, 283 F.3d 33 (2d Cir. 2002) (neither condoning nor criticizing the distinction); *Hendrix v. Evenflo Co., Inc.*, 255 F.R.D. 568 (N.D. Fla. 2009); *Galloway v. Big G Exp., Inc.*, 590 F. Supp. 2d 989 (E.D. Tenn. 2008); *Cook v. Sunbeam Prods., Inc.*, 365 F. Supp. 2d 1189 (N.D. Ala. 2005). Also, the Court finds that, in context, Magistrate Judge McCarthy's discussion of defendant's "obligations" referred to establishing expert reliability, not to the ultimate burden of proof at trial.

Upon such review and after hearing argument from counsel, the Court finds that Magistrate Judge McCarthy's Decision and Order is neither clearly erroneous nor contrary to law.

Accordingly, the Court affirms the Decision and Order.

This case is referred back to Magistrate Judge McCarthy for further proceedings.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: February 9, 2011