UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE AUTOMOBILE INS. CO. OF HARTFORD,
a/s/o Sherry Demrick,

                Plaintiff,          **REPORT AND RECOMMENDATION**

v.

                                           08-CV-00623(A)(M)

ELECTROLUX HOME PRODUCTS, INC.,

                Defendant.
_____

        This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings in accordance with 28 U.S.C. §§636(b)(1)(A), (B) and (C) [6].[1]  Before me is the motion of plaintiff The Automobile Insurance Co. of Hartford for summary judgment dismissing certain affirmative defenses asserted by defendant Electrolux Home Products, Inc., ("Electrolux") [65].  Oral argument was held before me on March 22, 2011.  For the following reasons, I recommend that the motion be granted in part and denied in part.

**BACKGROUND**

        This is a products liability action in which plaintiff, as subrogee, seeks recovery of damages paid to its insured-subrogor, Sherry Demrick,[2] as a result of a fire at her home on December 24, 2006, which it alleges was caused by a defective Electrolux gas clothes dryer.  Amended Complaint [17].  Electrolux has asserted nineteen affirmative defenses, and plaintiff seeks dismissal of all of those defenses except the seventeenth ("misuse of product").  *See*

---

      [1]        Bracketed citations refer to CM/ECF docket entries.

      [2]        Although her surname has now changed to Slocum, I will refer to her as Sherry Demrick.

plaintiff's brief [66], p. 1, n. 1 ("the sole Affirmative Defense not challenged through this Motion is the Defendant's seventeenth, which alleges misuse of product").

Electrolux does not oppose the motion to dismiss its third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth and nineteenth affirmative defenses. *See* Electrolux's Response [77], ¶3. Therefore, the only defenses remaining at issue on this motion are the first (contributory negligence) and the second (assumption of the risk).

## ANALYSIS

**A.    First Affirmative Defense: Contributory Negligence**

Plaintiff argues that expert testimony is necessary in order to establish a standard of care which Ms. Demrick allegedly breached. I disagree. "An expert witness is required to support a claim of departure from safe practice only where the issue involved transcends the realm of knowledge that lay persons possess, such as standards of medical care." Rosen v. Salem Truck Leasing, Inc., 108 A.D.2d 907, 485 N.Y.S.2d 793, 794 (2d Dept.1985). However, "expert testimony is not necessary where the negligence is obvious and within ken of laymen". Gibson v. D'Amico, 97 A.D.2d 905, 906, 470 N.Y.S.2d 739, 741 (3d Dept. 1983), app. denied, 61 N.Y.2d 603 (1984).

The proper use and operation of a clothes drier is sufficiently within the "ken of laymen" that expert testimony as to the standard of care is not necessary. For example, even without the benefit of expert testimony as to the standard of care, from the photo of the clogged exhaust cap (Electrolux brief [78], p.2), a jury could properly conclude that Ms. Demrick had not adequately cleared the drier of debris. *See also* Electrolux's "Use and Care Guide", which warns:

"Keep area around the exhaust opening and surrounding areas free from the accumulation of lint, dust and dirt". Id. Although plaintiff argues that the manufacturer's instruction manuals are not "conclusive evidence of the proper standard of care" (plaintiff's Reply [99], p.5, citing Monk v. Doctors Hospital, 403 F.2d 580, 582 (D.C.Cir. 1968)), they are *some* evidence of that standard. "Although it is correct that the manuals do not purport to articulate the standards prevailing in this area, they are plainly directed at correct use of the machine and [persons] using such a machine cannot ignore instructions of the maker without some reason. Hence the manuals had probative value and were properly admitted. Moreover, since both Dr. Darner and the nurse testified that they were familiar with these manuals, the manuals would demonstrate that [they] were on notice as to the risks of improper operation of the . . . machine." Monk, 403 F.2d at 582.

Plaintiff suggests that "it is the Court's obligation to define precisely the duty owed by Demrick in view of the existing evidence". Plaintiff's brief [66], p.9. I do not believe that a "precise" definition is necessary. *See* N.Y. Pattern Jury Instructions ("PJI") 2:10 ("Negligence is a lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances"); 5 Sand, *et. al.,* Modern Federal Jury Instuctions (Civil) 2010, Instruction 89-9 (containing similar language).

Plaintiff argues that since it has not moved for dismissal of Electrolux's seventeenth affirmative defense ("misuse of product"), Electrolux should resort to that defense rather than the defense of contributory negligence. Plaintiff's brief [66], p.8, n.2. However, the fact that plaintiff has not challenged the "misuse of product" defense is a further indication of the potential viability of the contributory negligence defense; and while the two defenses may be similar, they are not necessarily identical. "[A]n affirmative defense should not be dismissed if there is any doubt as to its availability." Zollinger v. Owens-Brockway Glass Container, Inc., 233

F.Supp.2d 349, 359 (N.D.N.Y.2002); <u>Thy Tran v. Avis Rent A Car, Inc.</u>, 289 A.D.2d 731, 732, 734 N.Y.S.2d 662 (3d Dept. 2001).

It is well settled that "the issue of contributory negligence . . . is a jury question in all but the clearest cases." <u>MacDowall v. Koehring Basic Const. Equipment</u>, 49 N.Y.2d 824, 827 (1980). Since this is not one of those "clearest cases", the defense should be allowed.

**B.** **Second Affirmative Defense: Assumption of the Risk**

"There are two doctrines of assumption of the risk . . . . Express, or primary, assumption of the risk, precludes recovery and is based on a preexisting agreement stating that defendant need not use reasonable care for the benefit of plaintiff and would not be liable for the consequence of conduct that would otherwise be negligent." <u>Pearce v. Holland Property Management, Inc.</u>  2009 WL 1605355, *6 (N.D.N.Y. 2009). "Primary assumption of the risk is limited to situations where there is an elevated risk of danger, typically in a professional sporting or entertainment activity." <u>Id</u>.

"[A] claim of strict products liability and a defense of primary assumption of risk are in inherent conflict, and one must give way. We conclude that the defense of primary assumption of risk is not available to eliminate or reduce a manufacturer's duty to produce a nondefective product . . . even where the product's dangerous qualities are obvious to and appreciated by the user." <u>Lamey v. Foley</u>, 188 A.D.2d 157, 167-68, 594 N.Y.S.2d 490, 497-98 (4th Dept.1993).

"The second doctrine of assumption of the risk is frequently referred to as implied assumption of the risk and analyzed with contributory negligence under the general rubric of comparative negligence." <u>Pearce</u>,  2009 WL 1605355, *6. "Under New York law, a plaintiff's

conduct may be considered by a jury in allocating responsibility for any damages resulting from negligent conduct but imposes no bar to recovery. N.Y.C.P.L.R. § 1411 (McKinney 2002). Thus, any finding of implied assumption of the risk by plaintiffs here will result in the proportional reduction of any damages but not a total bar to recovery." Id.

During oral argument, counsel for Electrolux acknowledged that the second affirmative defense is intended to refer only to implied, rather than express, assumption of risk. As so limited, I conclude that this defense need not be stricken, for the same reasons as those discussed with respect to the defense of contributory negligence.

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion [65] be granted to the extent that it seeks dismissal of Electrolux's second affirmative defense (only as to express, but not implied, assumption of the risk), and its third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, eighteenth and nineteenth affirmative defenses, but that the motion otherwise be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by April 11, 2011(applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of the Local Rules of Civil Procedure for the Western District of New York, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 24, 2011

/s/ JeremiahJ. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge