**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| THE AUTOMOBILE INS. CO. OF | : | |
| HARTFORD a/s/o SHERRY DEMRICK | : | |
| | : | NO. 1:08-cv-623 |
| v. | : | |
| | : | |
| ELECTROLUX HOME PRODUCTS, INC. | : | JURY TRIAL DEMANDED |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S**
**OBJECTION TO PLAINTIFF'S BILL OF COSTS**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel,

Nicolson Associates LLC, hereby submits the within Objection to Plaintiff's Bill of Costs (ECF

174).

## I.    FACTUAL STATEMENT

This matter arises out of a fire that occurred on December 24, 2006 at the home of Sherry

(née Demrick) Slocum ("Ms. Demrick") located at 68 Farmingdale Road, Cheektowaga, New

York.  Plaintiff claims that as a result of the fire, there was property damage to Ms. Demrick's

home, which was insured by the Plaintiff, The Automobile Insurance Company of Hartford,

Connecticut ("Plaintiff").  The Plaintiff filed this lawsuit against Electrolux to recover money

paid to Ms. Demrick under her insurance contract for the damage caused by the fire.  Plaintiff

alleges causes of action against Electrolux sounding in negligence and strict liability and asserts

that a clothes dryer manufactured by Electrolux caused the subject fire.  Defendant Electrolux

disagrees and contests Automobile Insurance's theory of product defect.

## II.    PROCEDURAL HISTORY

On August 1, 2011, this Honorable Court granted Electrolux's Motion to Dismiss for lack

of subject-matter jurisdiction.  *See* Decision and Order (ECF 170).  Pursuant to Local Civil Rule

54(a), the Court directed Plaintiff to file any bill of costs within 30 days after entry of final

judgment. *See id*. In addition, the Court retained ancillary jurisdiction to resolve any disputes

between the parties regarding interest and costs. *See id*. Final judgment was entered on August

2, 2011. *See* Judgment in a Civil Case (ECF 173).

On September 1, 2011, Plaintiff filed a Bill of Costs (ECF 174) and an Affidavit of

Jeffrey J. White in Support of Plaintiff's Bill of Costs (ECF 175). Plaintiff submitted the

following costs:

**Clerks and Service Fees**    **$350.00**[1]
**Deposition Costs**    **$3,888.97**

*See* Plaintiff's Bill of Costs (ECF 174). The Court directed Defendant Electrolux to file any

responding papers on or before September 9, 2011. *See* Text Order (ECF 176).

Defendant Electrolux files the instant Objection challenging the Plaintiff's request for

reimbursement of "Deposition Costs."

## III.  LEGAL ARGUMENT

Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . shall be allowed as of

course to the prevailing party unless the court otherwise directs." F.R.C.P. 54(d)(1). "The costs

properly taxable under Rule 54(d)(1) are enumerated in 28 U.S.C. § 1920." *Forest Laboratories,*

*Inc. v. Abbott Laboratories*, 2006 U.S. Dist. LEXIS 33743, at *2 (W.D.N.Y.) (citation omitted).

Section 1920 provides as follows:

> A judge or clerk of any court of the United States may tax as costs
> the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts
> necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

---

[1] Defendant Electrolux does not challenge the cost submitted for Clerks and Service Fees of $350.00.

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title 28 U.S.C.S. § 1923;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title 28 U.S.C.S. § 1828.

28 U.S.C.S. § 1920. "While only those costs enumerated in § 1920 are allowed, the breadth of the phrases used in § 1920 to describe recoverable costs is left to the discretion of the court." *Forest Laboratories, Inc.*, 2006 U.S. Dist. LEXIS 33743, at *2 (citation omitted). The prevailing party bears the burden of establishing that the expenses it seeks to have taxed as costs are permitted by federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *See id*. at *2-3 (citation omitted). To satisfy its burden, "the prevailing party must present sufficient evidence to show that each of the costs it has requested to be taxed was 'reasonably necessary' and not for the 'mere convenience of counsel.'" *Id*. at *3 (citation omitted).

A.      The deposition costs sought by Plaintiff are not proper taxable costs and should be excluded from Plaintiff's Bill of Costs.

"[T]he costs of deposition transcripts are properly taxed as costs only where such transcripts are obtained for use at trial and not solely for discovery purposes and the convenience of counsel." *Forest Laboratories, Inc.*, 2006 U.S. Dist. LEXIS 33743, at *5 (citing *Boisson v. Banian, Ltd.*, 221 F.R.D. 378, 380 (E.D.N.Y. 2004) (citation omitted)).

Here, Plaintiff seeks reimbursement for 11 deposition transcripts taken in connection with this matter. *See* Plaintiff's Bill of Costs (ECF 174). These depositions are of witnesses, Jeraldine Tucker, Vincent Pupo, Jr., David Beauregard[2], Ron McMillan, Lale Lewis, Mark Jedd, Sherry Slocum, Cassandra Wark, and Thomas Bajzek, P.E. *See id*. None of these witnesses testified at

---

[2] Mr. Beauregard's deposition was taken three (3) times in connection with this matter.

trial, as this matter was dismissed for lack of subject-matter jurisdiction prior to trial.  Further, Plaintiff was obligated to designate in its Pretrial submissions all deposition testimony it intended to use at trial.  *See* Pretrial Order (ECF 128).  Although Plaintiff designated certain testimony taken in other unrelated cases, Plaintiff did not designate any testimony from the 11 depositions for which it seeks reimbursement.  In addition, Plaintiff did not list any of the deposition transcripts as trial exhibits in Plaintiff's Exhibit List.  *See* Plaintiff's Amended Exhibit List (ECF 166).

The case of *Forest Laboratories, Inc. v. Abbott Laboratories*, is strikingly similar to the facts of the instant matter.  There, the Defendants filed Objections to the Bill of Costs submitted by the Plaintiffs.  The Plaintiffs sought "reimbursement for six depositions of individuals who did not testify, and whose depositions were not read or even mentioned at trial."  *Forest Laboratories, Inc.*, 2006 U.S. Dist. LEXIS 33743, at *5.  The Court found that Plaintiffs failed to meet their burden to show why the six depositions were reasonably necessary at the time they were taken.  *See id*.  Consequently, the Court denied Plaintiff's request for costs associated with the six depositions.  *See id*.

Based on the Court's ruling in *Forest Laboratories, Inc.*, this Court should disallow Plaintiff's request for reimbursement for 11 deposition transcripts.  Like the witnesses in *Forest Laboratories, Inc.*, they did not testify at trial and the depositions were not read or mentioned at trial, as this matter was dismissed prior to trial.  It is clear that the deposition transcripts were obtained solely for discovery purposes and for the convenience of counsel and should not included as taxable costs.  Further, Plaintiff has not met its burden to show why the depositions were reasonably necessary at the time they were taken.  As such, this Court should deny Plaintiff's request for reimbursement of 11 deposition transcripts.

## IV.    **CONCLUSION**

Based upon the foregoing, Defendant Electrolux respectfully requests that this Honorable

Court sustain Defendant Electrolux's Objection to Plaintiff's Bill of Costs and deny Plaintiff's

request for reimbursement of $3,888.97 in deposition costs.

NICOLSON ASSOCIATES LLC


                                   /s/ Cheryl M. Nicolson
                              Cheryl M. Nicolson, Esquire
                              Melissa L. Yemma, Esquire
                              Rose Tree Corporate Center
                              1400 N. Providence Rd., Suite 4045
                              Media, PA  19063
                              (610) 891-0300
                              Attorneys for Defendant,
                              Electrolux Home Products, Inc.


Dated:    September 9, 2011

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

THE AUTOMOBILE INS. CO. OF      :
HARTFORD a/s/o SHERRY DEMRICK  :
                                    :     NO. 1:08-cv-623
       v.                         :
                                    :
ELECTROLUX HOME PRODUCTS, INC.  :    JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Defendant, Electrolux Home Products, Inc.'s Objection to Plaintiff's Bill of Costs was served electronically on the date stated below, upon the following:

Craig A. Raabe, Esquire
Jeffrey J. White, Esquire
Laura A. Torchio, Esquire
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT  06103-3597

NICOLSON ASSOCIATES LLC

/s/ Cheryl M. Nicolson
Cheryl M. Nicolson, Esquire
Melissa L. Yemma, Esquire
Rose Tree Corporate Center
1400 N. Providence Rd., Suite 4045
Media, PA  19063
(610) 891-0300
Attorneys for Defendant,
Electrolux Home Products, Inc.

Dated:   September 9, 2011