UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===============================================

THE AUTOMOBILE INS. CO. OF
  HARTFORD, CONNECTICUT a/s/o
  Sherry Demrick ,

                              Plaintiff,

                                                    **DECISION AND ORDER**
                                                    08-CV-623A

              v.


ELECTROLUX HOME PRODUCTS, INC.,

                              Defendant.

===============================================

On September 1, 2011, plaintiff The Automobile Insurance Co. of Hartford, Connecticut ("Hartford") submitted a bill of costs pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure ("FRCP").  The bill of costs comprised two expenses.  The first expense was the filing fee of $350 that Hartford spent to commence this case.  Defendant Electrolux Home Products, Inc. ("Electrolux") does not oppose this expense.  The second expense was the aggregate amount of $3,888.97 that Hartford spent taking 11 depositions of nine different people during the course of this case.  Electrolux objects to this second expense for two reasons.  First, Electrolux notes that none of these witnesses testified at trial since the Court dismissed the case for lack of subject-matter

jurisdiction on the eve of trial.[1]  Second, Electrolux argues that Hartford did not

designate any deposition testimony for use at trial.  Hartford counters that all of

the depositions covered in the bill of costs were reasonably necessary to the

litigation when they were taken and that most if not all of the witnesses would

have testified at trial but for Electrolux's last-minute offer of full relief.

     "Unless a federal statute, these rules, or a court order provides otherwise,

costs—other than attorney's fees—should be allowed to the prevailing party."

FRCP 54(d)(1); *see also* 28 U.S.C. § 1920 ("A judge or clerk of any court of the

United States may tax as costs the following: (1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for

use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees

for exemplification and the costs of making copies of any materials where the

copies are necessarily obtained for use in the case; [and] (5) Docket fees under

section 1923 of this title.").  "There is a general presumption that only the costs

of those witnesses who actually testify at trial may be shifted.  Moreover, the

presumption can be overcome if it appears that a court order or some other

extrinsic circumstance rendered his testimony unnecessary." *U.S. for Use and*

*Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp.*,

95 F.3d 153, 173 (2d Cir. 1996) (internal quotation marks and citations omitted).

---

[1] (*See* Dkt. No. 170.)

Here, Hartford has set forth several circumstances to overcome the general presumption against shifting the cost of non-trial witnesses.  The most important circumstance is that the case would have gone to trial if Electrolux had not made a late decision to settle the case for the mathematical maximum amount that the jury could have awarded.  There is no reason to punish Hartford financially for the timing of Electrolux's decision to settle; Hartford had to litigate assuming that a trial would occur.  Additionally, of the nine witnesses in question, Hartford explicitly listed six of them in its pre-trial witness list.  (*See* Dkt. No. 140.)  A seventh, Thomas Bajzek, was one of Electrolux's expert witnesses and was the subject of pre-trial *Daubert* motion practice.  Hartford acted reasonably in taking a deposition before trial of an adverse expert witness. The remaining two witnesses, Jeraldine Tucker and Lale Lewis, had factual information that Hartford reasonably investigated as it developed its theory of the case for trial.  The deposition of Lewis was particularly relevant because he was the fire chief who responded to the fire at the heart of the case.  The Court's pre-trial order specified that failure to disclose prospective witnesses "may result in preclusion of testimony by that witness."  (Dkt. No. 128 at 3.)  Nonetheless, the Court cannot rule out categorically that an unforeseen need for rebuttal or other testimony would have required bringing Tucker and Lewis to trial.  Under these circumstances, the Court finds Hartford's proposed deposition costs reasonable and "necessarily obtained for use" at trial.

3

For all of the foregoing reasons, the Court overrules Electrolux's objections to Hartford's bill of costs.  The Clerk of the Court shall tax Electrolux in the amount of $4,238.97 as set forth in the bill of costs (Dkt. No. 174).

SO ORDERED.

*s/ Richard J. Arcara*

HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 19, 2011